IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   07-cv-00634-WDM-MEH

STEVEN R. RADER and
VIVIAN L. RADER,

     Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

     Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE AND MOTION TO DISQUALIFY

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 54).  This recommendation addressed Plaintiffs' Motion for Summary Judgment (doc no 3), Plaintiffs' Motion to Amend and to Stay all Proceedings (doc no 47), and Defendant's Motion to Dismiss (doc no 9), which was converted to a motion for summary judgment.  Plaintiffs filed objections to the recommendation and therefore are entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons set forth below, I accept the recommendation.  In addition, I address Plaintiffs' Motion to Disqualify (doc no 41), seeking to remove me from this case.

I have reviewed the pertinent portions of the record in this case, including the complaint, Plaintiffs' Motion for Summary Judgment and Defendant's response, Defendant's Motion to Dismiss and Plaintiffs' response, the parties' supplemental briefing

in connection with the Motion to Dismiss, Plaintiffs' Motion to Amend Complaint, the recommendation, and Plaintiffs' objections. Plaintiffs filed this action asserting violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.* ("RICO"). The case is premised on a credit card debt that is the subject of a pending state court action.

Magistrate Judge Hegarty recommended that Plaintiffs' Motion for Summary Judgment be denied because (1) Plaintiffs' argument was based on their assertion that Defendant had not adduced evidence in opposition to their motion, which was unsurprising since Defendant had not yet been served in the lawsuit[1]; (2) Plaintiffs' facts do not demonstrate a RICO violation. I agree. Plaintiffs' affidavits do not demonstrate that they are entitled to judgment as a matter of law on their claims. In their objections, Plaintiffs contend that issues of credibility should not be determined on a motion for summary judgment. Although a correct statement of the law, this does not demonstrate that the recommendation is in error; even if the facts alleged in Plaintiffs' affidavit are taken as true, they are insufficient to demonstrate the elements of a RICO claim. Plaintiffs also take issue with comments by Magistrate Judge Hegarty concerning burdens of proof. Plaintiffs miss the fundamental issue. As plaintiffs, it is their burden to prove their allegations and they cannot do so by asserting that a defendant has failed to disprove them. Plaintiffs' remaining objections appear to consist of conclusory assertions impugning Magistrate Judge Hegarty's competency, which do not demonstrate error and are inappropriate.

Magistrate Judge Hegarty converted Defendant's Motion to Dismiss to one for

---

[1] Plaintiffs also object to Magistrate Judge Hegarty's characterization of their motion as "premature." Since the recommendation does not rely on this issue, I will not address the timing of Plaintiffs' motion.

summary judgment. He recommends that the motion be granted and that Plaintiffs' complaint be dismissed based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and because Plaintiffs' claims are compulsory counterclaims, which were or should have been asserted in the state court action. I agree.

In their objections, Plaintiffs argue that the "abstention doctrine" is inapplicable. However, Plaintiffs apparently confuse the *Younger* abstention doctrine with other circumstances in which the federal courts abstain from exercising jurisdiction. Accordingly, their arguments are unavailing. Plaintiffs also assert that in fact, Magistrate Judge Hegarty applied the *Rooker Feldman* doctrine, which has been abolished. This is incorrect on both counts. First, the recommendation relies on *Younger* abstention principles, not the *Rooker Feldman* doctrine. Second, contrary to Plaintiffs' assertion, the *Rooker Feldman* doctrine was not abolished by the decision in *Lance v. Dennis*, 546 U.S. 459 (2006), which recognized the continuing validity of the doctrine but further clarified its scope. Plaintiffs also appear to object to the recommendation by asserting that the state court proceedings are "void" because the state court lacked jurisdiction. Plaintiffs have provided no evidence from which I could conclude that the state court lacked jurisdiction over them or over the matter or that they are otherwise unable to get an adequate remedy in the state court proceedings. I agree with Magistrate Judge Hegarty's analysis and conclude that (1) there is an ongoing state criminal, civil, or administrative proceeding relating to Plaintiffs' claims, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. Accordingly, abstention is appropriate in these circumstances. In addition, I

agree that Plaintiffs' claims are compulsory counterclaims that could or should have been asserted in the state court proceeding.

Magistrate Judge Hegarty also recommended that Plaintiffs' motion to amend be denied. Plaintiffs seek to add numerous defendants, including myself, on the grounds that the proposed defendants have "aided and abetted" Defendant's alleged fraud. Magistrate Hegarty noted that Plaintiffs have not set forth predicate acts for these defendants and that the claims would also be compulsory counterclaims, would be barred by judicial immunity, or subject to abstention under *Younger*, and thus the proposed amendment would be futile. Plaintiffs have not objected specifically to this portion of the recommendation, as far as I can discern. Any objections are therefore waived.

Plaintiffs also generally dispute that Magistrate Judge Hegarty is authorized to make the recommendation and "demand strict proof." This matter was properly referred to Magistrate Judge Hegarty and Plaintiffs' contention is groundless. They also appear to argue generally that the court and the cause of justice have been perverted against them and in favor of commercial entities such as Defendant. "[C]onclusory and ill-developed arguments are insufficient to permit meaningful judicial review and will not be entertained." *U.S. ex rel. Boothe v. Sun Healthcare Group, Inc.*, 496 F.3d 1169, 1175 (10th Cir. 2007).

Finally, Plaintiffs assert that I should recuse myself from this case, apparently because I denied as moot their motion to disqualify another judge in a parallel case after it was transferred to me and because of the alleged wrongful conduct by Magistrate Judge Watanabe. A judge must recuse himself "if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). A judge's

actual state of mind or prejudice is not at issue. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "The standard is purely objective," and "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* Recusal is generally not required if the claim of bias is based on the following:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

*Id.* at 993-94 (citations omitted).

Plaintiffs have identified no facts from which a reasonable, objective person would be likely to question my impartiality but rather rely on speculation and conclusory assertions of bias. Plaintiffs' request to disqualify the first judge assigned to their parallel case was resolved when the case was transferred to me; accordingly, the issue was moot and my ruling does not demonstrate bias or prejudice against Plaintiffs in that or any other case. Plaintiffs have not identified any wrongful behavior by Magistrate Judge Watanabe, much less any conduct that can be attributed to me. Accordingly, I see no basis to recuse myself. "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351

(10th Cir. 1995).

I will also repeat the caution issued by Magistrate Judge Hegarty regarding Rule 11, which requires Plaintiffs to certify that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal or existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(3). "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). Plaintiffs' *pro se* status does not excuse them from complying with the requirements of the Federal Rules of Civil Procedure and other pertinent authority governing the conduct of litigants in this court.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Michael E. Hegarty (doc no 54) is accepted.
2. Plaintiffs' Motion for Summary Judgment (doc no 3) is denied.
3. Plaintiffs' Motion to Amend and to Stay all Proceedings (doc no 47) is denied.
4. Defendant's Motion to Dismiss (doc no 9), treated as a motion for summary judgment, is granted. This matter is dismissed without prejudice.

5. Plaintiffs' Motion to Disqualify (doc no 41) is denied.

DATED at Denver, Colorado, on October 18, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge